UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61246-CV-COHN/SELTZER

NOVELETTE BEHARRIE-LUE,

    Plaintiff,

v.

FELT HOME CARE, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT & FOR ENTRY OF FINAL JUDGMENT & ATTORNEY'S FEES

**THIS CAUSE** is before the Court on Plaintiff's Motion to Enforce Settlement Agreement & for Entry of Final Judgment & Attorney's Fees [DE 19] ("Motion"). The Court has considered the Motion, the record in this case and is otherwise advised in the premises.

This is a case brought under the Fair Labor Standards Act ("FLSA"). On January 29, 2010, the Court held a fairness hearing at which the settlement reached by the parties was determined to be fair and reasonable. Thereafter, Plaintiff filed the instant Motion indicating that Defendant made one payment of $750 under the settlement agreement and defaulted as to the remaining balance of $2,250. DE 19 at 1. Plaintiff requests that the Court "enforce the parties' settlement agreement and enter final judgment as to the outstanding balance. Plaintiff further requests an additional award of one (1) hour of attorney's time at a rate of $325.00 per hour for having to prepare and file the subject motion." Id. at 3. To date, Defendant has failed to respond to Plaintiff's Motion to Enforcement Settlement Agreement and the deadline for filing a

response has passed.

Basic contract law applies to determine whether a settlement agreement is enforceable, and in Florida, the objective test is used to determine whether such a contract is enforceable. <u>Robbie v. Miami</u>, 469 So. 2d 1384, 1385 (1985); <u>Gaines v. Nortrust Realty Management, Inc.</u>, 422 So.2d 1037 (Fla. 3d DCA 1982). The party seeking enforcement of a settlement agreement has the burden of establishing assent by the opposing party. <u>Williams v. Ingram</u>, 605 So.2d 890, 893 (Fla. 1st DCA 1992). For a settlement agreement to be enforced, the agreement must be "sufficiently specific and mutually agreeable on every essential agreement." <u>Don L. Tullis & Assocs. v. Benge</u>, 473 So.2d 1384, 1386 (Fla 1st DCA 1985). Courts look to traditional notions of offer and acceptance, and basic contract law, to determine whether an enforceable contract exists. See <u>Robbie</u>, 469 So.2d at 1385. "Settlement agreements are highly favored, and will be enforced whenever possible." <u>Id.</u>

The meeting of the minds in this case is quite clear. Here, the parties submitted a joint motion to review and approve the settlement which attached a copy of the settlement agreement executed by both sides. <u>See</u> DE 15. In addition, counsel for the parties attended a fairness hearing at which the Court determined the settlement to be both fair and reasonable. Therefore, the Court finds that the settlement is enforceable and grants Plaintiff's Motion. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Enforce Settlement Agreement & for Entry of Final Judgment & Attorney's Fees [DE 19] is **GRANTED**. The Court shall enter a Final

Judgment by separate Order.

2. Defendant shall make the payments due under the Final Judgment, which total $2,575, by no later than **August 16, 2010**.

3. Failure to transfer the funds owed in accordance with this Order may result in the imposition of sanctions against the Defendant, including, but not limited to, the reasonable attorney's fees and costs incurred by Plaintiff to obtain the settlement payments.

4. Plaintiff shall serve a copy of this Order and the related Final Judgment on Defendant within three days of entry.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of July, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

3